# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TODD CHRISTOPHER WHITE,**<br>　　　　Plaintiff,<br>　　vs.<br>**PORTFOLIO RECOVERY ASSOCIATES LLC,<br>ET AL.,**<br>　　　　Defendants. | CASE NO. 19-cv-02743-YGR<br><br>**ORDER GRANTING MOTION TO DISMISS<br>WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 28 |

Before the Court is defendant Capital One Bank, N.A.'s ("Capital One") motion to dismiss *pro se* plaintiff Todd Christopher White's complaint, (*see* Dkt. No. 1 ("Compl.")), pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 28.)[1] Having carefully considered the pleadings in this action and the papers submitted,[2] and for the reasons set forth below, the Court **GRANTS** the motion to dismiss but affords Plaintiff **LEAVE TO AMEND** as set forth herein.[3]

## I.　BACKGROUND

The following facts are based on the allegations of plaintiff's complaint:

Plaintiff filed a "voluntary petition" for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Southern District of California on June 4, 2015. (Compl. ¶ 11.) That

---

[1] Plaintiff's claims against prior defendants Trans Union LLC and Equifax Inc. were dismissed with prejudice by stipulation. (Dkt. Nos. 49, 66.) On July 23, 2019, defendant Portfolio Recovery Associates LLC ("Portfolio Associates") filed an answer to the complaint. (Dkt. No. 26.) The instant motion does not implicate the claims against these defendants.

[2] Plaintiff filed his opposition to Capital One's motion to dismiss after the deadline set by the Local Rules and after a later deadline specially set by Court order. (*See* Dkt. No. 50.) Despite this late filing, the Court may consider plaintiff's opposition under Civil Local Rule 7-2(a). The Court advises plaintiff that any future briefing should be filed in compliance with Civil Local Rules 7-2 and 7-3, or in compliance with deadlines specially set by the Court.

[3] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court previously vacated the hearing on the motion. (Dkt. No. 50.)

day, the court entered a notice of failure to comply with filing requirements, notice of errors/deficiencies, and notice of incomplete schedules. (*Id.*; *see also* Compl., Ex. 3.) The court ultimately entered an order approving the trustee's report of no distribution and closed the case. (Compl., Ex. 3).[4]

Plaintiff alleges the consumer reports that Equifax maintains of plaintiff include inaccurate information about a purported "bankruptcy discharge." (*Id.* ¶ 9.) Plaintiff further alleges that no bankruptcy action in fact "commenced" since plaintiff's bankruptcy petition was "dismissed because [of] substantial defects contained in [the] initiation paperwork." (*Id.* ¶ 12.) Because of inaccurate reporting of the bankruptcy as discharged, plaintiff was required to pay money in order to obtain multiple copies of his consumer reports for further review and inspection. (*Id.* ¶ 13.)[5]

With respect to Capital One specifically, plaintiff alleges that Capital One is a "creditor," which means "any person who offers or extends credit creating a debt or to whom a debt is owed." (*Id.* ¶ 7.) The Equifax credit report attached to Plaintiff's complaint lists Capital One as an "original creditor" of a debt purportedly owed by Plaintiff. (*Id.*, Ex. 2.) Portfolio Associates is listed on the credit report as the "collection agency" for the debt. The credit report further states that the debt is in dispute. (*Id.*)[6]

From these factual allegations, Plaintiff asserts three claims against Capital One for: (i) false reporting and/or failure to conduct a reasonable investigation of a disputed record on a credit report under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. sections 1681, 1681i; (ii) false representations concerning the character, amount, or legal status of a debt, and failure to

---

[4] The complaint alleges that the bankruptcy case was dismissed. (Compl. ¶ 11.) While apparently accurate, the docket for the case, which plaintiff attached to the complaint, shows the court later vacated its order of dismissal.

[5] Plaintiff further alleges that he has filed numerous complaints with the Consumer Financial Protection Bureau, which has provided copies to a "putative creditor" for a response. (Compl. ¶ 13.) The complaint does not include allegations about the nature of the complaints or which "putative creditor" allegedly received copies of the complaints.

[6] Plaintiff also alleges that each defendant "was the agent, partner, or employee of every other Defendant and in doing the acts alleged in this Complaint, was acting within the course, scope and authority of that, agency, partnership, employment, joint venture, or conspiracy, and with the knowledge and consent of each of the other Defendants." (Compl. ¶ 8.)

2

communicate to credit reporting agencies that a debt is disputed under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. sections 1692, 1692f, and 1692g; and (iii) unlawful, unfair, and fraudulent business practices in violation of California Business and Professions Code section 17200, *et. seq.* (the "UCL").

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id*. While courts do not require the "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether a plaintiff has stated a claim upon which relief can be granted, the Court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *Usher v. City of L.A.*, 828 F.2d 556, 561 (9th Cir. 1987). The Court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Nor is the Court required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks omitted).

*Pro se* complaints are held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S 519, 520–21 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), and complaints by *pro se* plaintiffs are liberally construed, *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). A *pro se* litigant should be given leave to amend his complaint unless it is absolutely clear that no amendment could cure the deficiencies of the complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc).

## III. DISCUSSION

### A. First Cause of Action: FCRA Violation

The purpose of the FCRA is to protect consumers from the transmission of inaccurate credit information. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010). Under the FCRA, furnishers of information are required to provide accurate information when providing reports to a credit reporting agency. 15 U.S.C. § 1681s-2(a). Consumers who believe that a furnisher is providing inaccurate information may dispute their credit reports. 15 U.S.C. § 1681i. When a dispute is sent to a credit reporting agency, the furnisher of the information is provided notice and must conduct a reasonable investigation to verify the accuracy of the reporting. 15 U.S.C. § 1681s-2(b). Consumers may bring suit against those furnishers who violate the provisions of the FCRA. *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059-60 (9th Cir. 2002). To bring a claim against a furnisher of information that is capable of surviving a motion to dismiss, a plaintiff must make a *prima facie* showing of inaccurate reporting, that the furnisher had notice of the dispute, and that plaintiff suffered damages as a result of the inaccurate reporting. *Carvalho*, 629 F.3d at 890; *see also Dennis v. BEH-1, LLC*, 520 F.3d 1066, 1069 (describing what may constitute actual damages under the FCRA).

Capital One argues plaintiff has not alleged facts sufficient to support an FCRA claim against Capital One. The Court agrees. The complaint alleges inaccurate credit reporting related to a bankruptcy "discharge" appearing on the Equifax credit report. (*See* Compl. ¶ 4, 12.) The Equifax credit report also lists Capital One as the "original creditor" on a debt that appears to be unrelated to the bankruptcy reporting. (*See id.*, Ex. 2.)[7] Plaintiff does not allege any connection between the Capital One debt and the bankruptcy reporting, nor does he offer any allegation as to why the Capital One debt itself may be inaccurately reported. For example, Plaintiff does not allege that the Capital One debt referenced in his report does not pertain to him, that the amount

---

[7] Capital One concedes it is "the original creditor on a credit card issued to Plaintiff, which subsequently was charged off due to Plaintiff's non-payment." (Dkt. No. 28, at 3.) Capital One also states "[c]o-defendant Portfolio Associates owned the outstanding debt on the Account as of date of the complaint." (*Id.*)

4

listed as past due is too high or too low, that the listed dates are wrong, or that the debt is so old that it should no longer appear on his credit report. Plaintiff's allegations about an inaccuracy regarding bankruptcy reporting cannot sustain claims against Capital One simply because it also provided information about a different debt for the report.

Relatedly, Plaintiff alleges that he suffered damages caused by the inaccurate bankruptcy reporting. (*See* Compl. ¶ 13.) Plaintiff does not allege any damages arising out of Capital One's conduct as a purported furnisher of information for the credit report.

In sum, Plaintiff fails to provide sufficient allegations about the inaccuracy of the information Capital One furnished for Plaintiff's credit reports or the nature of any harm plaintiff suffered as a result of Capital One's conduct.[8] Accordingly, the FCRA claim against Capital One is **DISMISSED**. As it is possible that the insufficient allegations might be cured on amendment and because plaintiff is proceeding pro se, he will be given **LEAVE TO AMEND**. **Any amended complaint must allege facts regarding the nature of any inaccurate reporting by Capital One, as well as the harm suffered as a result of any alleged inaccuracies.**

### B.     Second Cause of Action: FDCPA Violation

The FDCPA "prohibits 'debt collector[s]' from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995) (alternation in original). To state a claim under the FDCPA, a plaintiff must allege facts establishing that: "(1) [the] plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant qualifies as a 'debt collector' under the FDCPA; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." *Ellis v. Phillips & Cohen Assocs., Ltd.*, No. 5:14-cv-05539-EJD, 2016 WL 566981, at *3 (N.D. Cal. June 30, 2016) (quoting *Dang v. CitiMortgage, Inc.*, No. 5:11-cv-05036 EJD, 2012

---

[8] Capital One also argues that plaintiff has not provided fair notice of a legally cognizable claim for an FCRA violation. The Equifax credit report, which lists the Capital One debt as "dispute[d]," indicates Capital One had at least some form of notice. (*See* Compl., Ex. 2.) Moreover, plaintiff alleges that the Consumer Financial Protection Bureau communicated plaintiff's complaints to a "putative creditor," which may refer to Capital One. **For the avoidance of any doubt, however, any amended complaint should clarify whether and how Capital One was put on notice of a dispute related to inaccurate reporting of plaintiff's debt.**

WL 762329, at *3 (N.D. Cal. Mar. 7, 2012)). A "debt collector" is defined by statute as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Additionally, creditors are considered debt collectors when "in the process of collecting [their] own debts" the creditor "uses any name other than [their] own which would indicate that a third person is collecting or attempting to collect such debts." *Id.*; *but see* 15 U.S.C. § 1692a(6)(f) (stating this term does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.").

Capital One argues plaintiff's FDCPA claim should be dismissed for failure to state a claim because Capital One is not a "debt collector" under the statute. Plaintiff counters that he has properly alleged that Portfolio Associates and Capital One are operating "jointly" as "debt collectors."

In the complaint, plaintiff alleges that Portfolio Associates is a "debt collector." In contrast, plaintiff alleges that Capital One is a "creditor." (*Id.* ¶ 7.) The complaint does not contain any factual allegations regarding joint conduct that would support an assertion that the two operated "jointly" as "debt collectors." For example, Plaintiff fails to allege that Capital One used Portfolio Associates to attempt to collect an improper debt or engaged in any related conduct prohibited by the FDCPA. Further, plaintiff makes no factual allegations that Capital One itself engaged in debt collection.[9]

---

[9] Moreover, general allegations that the defendants worked in coordination with each other to violate the FDCPA are insufficient to put Capital One on notice as to its specific conduct that purportedly gives rise to plaintiff's claim. *See Gilead*, 536 F.3d 1055 (holding the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.")

6

Because Plaintiff fails to allege sufficient facts showing Capital One is a "debt collector," Plaintiff's FDCPA claim is **DISMISSED**. As it is possible that the insufficient allegations might be cured on amendment and because plaintiff is proceeding pro se, he will be given **LEAVE TO AMEND**. **Any amended complaint must allege facts demonstrating that Capital One is a "debt collector" under the FDCPA.**

### C. Third Cause of Action: UCL Violation

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. The definition of what acts constitute business practices is broad, and in effect "borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Cal-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th 163, 180 (1999) (internal citations and quotations omitted). In addition, when alleging fraudulent business acts or practices under the UCL in federal court, those claims must be plead with particularity and specificity, including "the who, what, when, where, and how of the misconduct charged" going beyond "the neutral facts necessary to identify the transaction." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (internal quotations and citations omitted) (applying Fed. R. Civ. P. 9(b) to claims brought under the UCL).

Plaintiff alleges that by violating provisions of the FCRA and FDCPA, Capital One's conduct represents a violation of the UCL. As discussed, however, the complaint fails to allege sufficient facts to support the FCRA or FDCPA claims, and accordingly, the UCL claim also fails. Indeed, beyond stating the statutory elements of a UCL claim, the complaint does not contain any allegations about Capital One's conduct that would demonstrate a violation of the UCL. (*See* Compl. ¶¶ 19-24.) Further, to the extent plaintiff claims Capital One has engaged in *fraudulent* business practices and not allegations of fraud, the complaint does not contain specific allegations regarding the "who, what, when, where, and how" of Capital One's conduct. *See Kearns*, 567 F.3d at 1125.

Because Plaintiff fails to provide sufficient factual allegations to support a UCL claim against Capital One, this claim also is **DISMISSED**. As it is possible that the insufficient allegations

might be cured on amendment and because plaintiff is proceeding pro se, he will be given **LEAVE TO AMEND**. **On amendment, plaintiff must allege facts sufficient to support his UCL claim, and to the extent plaintiff alleges fraud, any amended complaint must include specific allegations to show a UCL violation.**[10]

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Capital One's motion to dismiss **WITH LEAVE TO AMEND** as to Plaintiff's FCRA, FDCPA, and UCL claims. Should Plaintiff choose to amend, his First Amended Complaint must be filed no later than December 16, 2019. Any response thereto must be filed no later than twenty-one (21) days thereafter.

The Court advises Plaintiff that a Handbook for Pro Se Litigants, which contains helpful information about proceeding without an attorney, is available in the Clerk's office or through the Court's website, http://cand.uscourts.gov/pro-se. The Court also advises Plaintiff that additional assistance may be available by making an appointment with the Legal Help Center. There is no fee for this service. To make an appointment with the Legal Help Center in San Francisco, Plaintiff may visit the San Francisco Courthouse, located at 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, California, 94102, or call 415/782-8982. To make an appointment with the Legal Help Center in Oakland, Plaintiff may visit the Oakland Courthouse, located at 1301 Clay Street, 4th Floor, Room 470S, Oakland, California, 94612, or call 415/782-8982. The Help Center's website is available at http://www.cand.uscourts.gov/helpcentersf.

This Order terminates Docket Number 28.

**IT IS SO ORDERED.**

Dated: November 15, 2019

*[signature]*

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[10] In his opposition to the motion, plaintiff appears to argue that the Court's screening of an *in forma pauperis* complaint under 28 U.S.C. section 1915(e)(2) has some bearing on the Court's consideration of a subsequent motion to dismiss. Plaintiff's argument fails to persuade, as granting an application to proceed *in forma pauperis* does not preclude defendants from bringing a motion to dismiss or the Court from granting such a motion. *See, e.g.*, *Giles v. Davis*, Case No. 18-cv-07466-YGR, 2019 WL 3082857 (N.D. Cal. Jul. 15, 2019).