**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| **TODD CHRISTOPHER WHITE,** <br> Plaintiff, <br> vs. <br> **PORTFOLIO RECOVERY ASSOCIATES LLC, ET AL.,** <br> Defendants. | CASE NO. 19-cv-02743-YGR <br><br> **ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND** <br><br> Re: Dkt. No. 69 |

This is the second round of briefing on a motion to dismiss filed by defendant Capital One Bank (USA), N.A. ("Capital One")[1] as to the complaint filed by *pro se* plaintiff Todd Christopher White. The Court granted Capital One's prior motion to dismiss the initial complaint but afforded plaintiff leave to amend as to all claims. Plaintiff subsequently filed a first amended complaint ("FAC"), which, like the initial complaint, alleges three causes of action arising under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA"); the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"); and California's Unfair Competition Law, Business and Professions Code §§ 17200, *et seq.* ("UCL"). Capital One again moves to dismiss.

Having carefully considered the pleadings in this action and the papers submitted, and for the reasons set forth below, the Court finds as follows:[2]

---

[1] Defendant's motion notes that although plaintiff names "Capital One" as a defendant, the correct entity name is Capital One Bank (USA), N.A.

[2] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court previously vacated the hearing on the motion. (Dkt. No. 75.)

### *1. Fair Credit Reporting Act*

As stated in the Court's order on the first motion to dismiss, to bring a claim against a furnisher of information to a credit reporting agency that is capable of surviving a motion to dismiss, a plaintiff must make a *prima facie* showing of inaccurate reporting, that the furnisher had notice of the dispute, and that plaintiff suffered damages as a result of the inaccurate reporting. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010); *see also Dennis v. BEH-1, LLC*, 520 F.3d 1066, 1069 (describing what may constitute actual damages under the FCRA). The Court previously found that plaintiff's FCRA claim failed because he did not provide sufficient allegations about the purported inaccuracy of the information Capital One furnished for plaintiff's credit reports or the nature of any harm plaintiff suffered as a result of Capital One's conduct. The Court also noted that any amended complaint should clarify whether and how Capital One was put on notice of a dispute related to inaccurate reporting of plaintiff's debt.

The Court finds that, with respect to the FCRA claim, the FAC suffers from the same defects as the initial complaint. That is, plaintiff re-alleges that Equifax's consumer reports included inaccurate information regarding a purported bankruptcy discharge, and that because of the inaccurate reporting, plaintiff was required to pay money to obtain copies of consumer reports for further review and inspection. *See* FAC ¶¶ 10, 14. However, these appear to be the only factual allegations even tangentially related to credit reporting. As with the initial complaint, the FAC does not allege any connection between the Capital One debt and the bankruptcy reporting, nor does he offer any allegation as to why the Capital One debt itself may be inaccurately reported. In addition, plaintiff does not allege that Capital One was on notice of a dispute related to inaccurate reporting.[3]

Accordingly, Capital One's motion to dismiss plaintiff's FCRA claim is granted. Further,

---

[3] Plaintiff's opposition does not provide any additional clarity about the nature of the claim. In it, plaintiff avers that "Capital One report[ed] inaccurate information to Equifax for a one year period starting from August 19, 2016 until August 16, 2018" and "caused Portfolio Recovery [] to inaccurately report similar information to the credit bureaus during a 6 month period between[] November 16, 2018 and May 17, 2019." To support these assertions, plaintiff attaches Equifax credit reports from this period. However, as with the FAC, the opposition does not point to any facts to support these conclusory allegations, nor can the Court discern any inaccuracies in the offered credit reports.

2

1  because plaintiff's allegations as to the FCRA claim have not substantively changed from the
2  initial complaint to the FAC, the Court finds that further amendment would be futile. As such, the
3  claim is dismissed without leave to amend.

### 2. *Fair Debt Collection Practices Act*

As this Court has previously discussed, to state an FDCPA claim, a plaintiff must allege facts establishing that: "(1) [the] plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant qualifies as a 'debt collector' under the FDCPA; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." *Ellis v. Phillips & Cohen Assocs., Ltd.*, No. 5:14-cv-05539-EJD, 2016 WL 566981, at *3 (N.D. Cal. June 30, 2016) (quoting *Dang v. CitiMortgage, Inc.*, No. 5:11-cv-05036 EJD, 2012 WL 762329, at *3 (N.D. Cal. Mar. 7, 2012)). The Court previously dismissed the FDCPA claim because plaintiff failed to allege sufficient facts showing that Capital One was a "debt collector" engaged in prohibited conduct under the statute.

The FAC, unlike the initial complaint, alleges that Capital One is a "debt collector" who, in connection with Portfolio Recovery Associates LLC ("Portfolio Recovery"), "makes prohibited communications to putative debtors during pendency of a [] Chapter 7 bankruptcy stay in violation of" the FDCPA. Plaintiff also has attached to the FAC correspondence, including letters and statements, purportedly sent to plaintiff from Capital One between 2016 and 2019.

These allegations, namely, that Capital One is a "debt collector" that engaged in debt collection activities, cure some of the deficiencies in the initial complaint. However, plaintiff still does not state a plausible claim for relief based on Capital One's conduct because he has not alleged any *prohibited* collection activity. Specifically, plaintiff does not state facts sufficient to establish the "pendency of a [] Chapter 7 bankruptcy stay" during which Capital One sent the relevant correspondence to plaintiff. Instead, plaintiff alleges that he filed a voluntary petition in bankruptcy court, but he concedes that no action actually commenced due to substantial defects in initiation paperwork. Without the commencement of a bankruptcy, an automatic stay would not have issued. Further, the materials submitted show the bankruptcy proceedings concluding in 2015, before the communications beginning in 2015. Plaintiff also makes numerous allegations

3

concerning bankruptcy proceedings generally, *see* FAC ¶ 14, but does not tie any of these allegations to this case, much less to Capital One specifically.[4] Given that plaintiff provided information for one bankruptcy proceeding, it is logical to conclude that none exists for the relevant time period.

As such, plaintiff's FDCPA claim fails. Moreover, because further amendment would be futile, the Court grants Capital One's motion to dismiss this claim without leave to amend.

### *3. California's Unfair Competition Law*

Insofar as plaintiff's claim for violation of the UCL based on the same alleged conduct as the FCRA or FDCPA claims, the claim fails for the reasons discussed herein. To the extent the UCL claim is purportedly based on other conduct, plaintiff has not alleged sufficient facts that Capital One engaged in "unlawful, unfair, or fraudulent business act or practice" or "unfair, deceptive, untrue, or misleading advertising." The UCL claim is therefore dismissed without leave to amend.

*****

For the foregoing reasons, the Court **GRANTS** Capital One's motion to dismiss the First Amended Complaint **WITHOUT LEAVE TO AMEND**. Accordingly, Capital One is hereby **DISMISSED** from this case.

Further, the Court notes that Portfolio Recovery, the remaining defendant in this case, has answered the initial complaint but not the FAC. As such, Portfolio Recovery shall respond to the FAC no later than **February 28, 2020**. Portfolio Recovery may not, however, raise any arguments in its response that could have been raised previously.

A Case Management Conference shall be set for **Monday, March 23, 2020** at **2:00 p.m.** in the Federal Building, 1301 Clay Street, Oakland in Courtroom 1.

---

[4] The opposition vaguely asserts that plaintiff "used Portfolio [Recovery] to attempt to collect an improper debt or engaged in any related conduct prohibited by the FDCPA," as well as "itself engag[ing] in unlawful debt collection." However, the "demand letters" attached to the opposition, which were purportedly sent to plaintiff from Capital One, were sent in response to requests *from plaintiff*, and moreover, plaintiff does not identify what aspect of the letters violated the FDCPA.

4

In addition, pursuant to Civil Local Rule 16-8 and ADR Local Rule 2-3, the Court hereby **REFERS** this action to the Alternative Dispute Resolution (ADR) Unit for a telephone conference to assess this case's suitability for court-sponsored mediation, settlement conference, early neutral evaluation, or other ADR methods. The parties shall participate in a telephone conference, to be scheduled by the ADR Unit as soon as possible. The ADR Unit will notify the parties of the date and time the telephone conference will be held. After the telephone conference, the ADR Unit will advise the Court of its recommendation for further ADR proceedings.

**IT IS SO ORDERED.**

Dated: February 18, 2020

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

cc: ADR Unit